UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VALERIE FLORES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:23-cv-03757 (UNA) |
| | ) |
| | ) |
| SUN PRAIRIE POLICE DEPT., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"). The court grants plaintiff's IFP application and, for the reasons discussed below, it dismisses the complaint, and this matter, without prejudice.

Plaintiff, who appears to be domiciled in New York, sues (1) Sun Prairie Police Department, located in Sun Prairie, Wisconsin, (2) named and unnamed employees of Sun Prairie Police Department, also located in Sun Prairie, Wisconsin, and (3) "Esrey Cohen specific tenants to include Unit 415," with an address that plaintiff describes as "undisclosed/confidential," somewhere in Dane County, Wisconsin. *See* Compl. at 2, 7–10. Because plaintiff fails to provide names and addresses for some of the defendants, her complaint contravenes D.C. Local Civil Rule 5.1(c).

Furthermore, the complaint is not a model of clarity. Indeed, plaintiff confusingly attaches two separate form complaints together, without explanation. *Compare* Compl. at 1–6, *with id.* at 7–12. Where it can be understood, plaintiff quite broadly alleges that the Esrey Cohen-related defendants have harassed her, stalked her, and defamed her, and discriminated against her, by

waging false police reports against her with the Sun Prairie Police Department, causing her to be escorted from an apartment building. *See id.* at 3–5, 10–11. She also vaguely alleges that her interactions with the Sun Prairie Police Department have resulted in her general mistreatment. *See id.* at 11. She contends that defendants' alleged actions are violative of several federal civil and criminal statutes, and she demands an injunction, in addition to $2 to $3 million in damages. *See id.* at 3, 5, 9–11.

First, Federal Rule 8(a) requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a "complaint [] contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments[,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant complaint falls squarely within this category. Furthermore, the complaint paragraphs are conflated and are not limited "to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

Second, even if plaintiff's intended claims were more coherent, and she had otherwise complied with the applicable Rules of Procedure, she has not established venue in the District of Columbia. Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or a substantial part of the property that is the subject of the action is situated), or (3) in a district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a) (providing dismissal for improper venue). Here, as pleaded, none of the parties are located in the District of Columbia, and there is absolutely no connection between plaintiff's allegations and this District.

For all of these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:  February 5, 2024                                 _____/s/_____
                                                                              RUDOLPH CONTRERAS
                                                                              United States District Judge